**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-CV-14411-MARTINEZ/MAYNARD**

R. DEVINE,

      **Plaintiff,**

v.

JAMES GREGORY ROSENCRANCE,
d/b/a CLEVELAND CLINIC and/or
INDIAN RIVER HOSPITAL and/or
INDIAN RIVER MEDICAL CENTER,
and RALPH BRUCE GEIGER,

      **Defendants.**

_____/

**REPORT AND RECOMMENDATION ON**
**DEFENDANTS' MOTION TO DISMISS AND TO STRIKE [DE 7]**

On December 12, 2022, *pro se* Plaintiff, R. Devine ("Plaintiff"), initiated this action against defendants James Gregory Rosencrance ("Rosencrance") and Ralph Bruce Geiger ("Geiger") (collectively, "Defendants").[1]  On January 9, 2023, Defendants filed a Motion to Dismiss (DE 5) Plaintiff's initial complaint and Plaintiff filed an Amended Complaint (DE 6).  On January 19, 2023, Defendants filed a Motion to Dismiss and to Strike the Amended Complaint (DE 7).  The matter was referred to me (DE 15), has been fully briefed, and is now ripe for review.

Although not entirely clear, the Amended Complaint appears to assert claims against Defendants under the Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320d *et seq.* ("HIPAA"), and the Age Discrimination Act of 1975, 42 U.S.C. § 6101 *et seq.* (the "Age

---

[1] The Amended Complaint describes Rosencrance as a "licensed medical doctor" who "own[s] and/or operate[s]" the Cleveland Clinic, Indian River City Hospital, and/or Indian River Medical Hospital.  DE 6, ¶¶ 1, 7-9.  The Amended Complaint describes Geiger as "a licensed medical doctor" who "routinely provide[s] patients with a copy of his or her medical records."  *Id.* ¶¶ 24-26.

1

Discrimination Act").  The Amended Complaint alleges that throughout September and October of 2022 Plaintiff was a patient at facilities "owned and/or operated by Rosencrance."  DE 6, ¶¶ 7-9.  Plaintiff subsequently requested "original, complete, unredacted, unaltered, certified cop[ies]" of Plaintiff's medical records, together with "a copy of the explanation, description, elucidation, and/or elaboration, of the services allegedly rendered for each billing code set forth thereon."  *Id.* ¶¶ 11, 19.  Plaintiff has not received this requested documentation from Defendants.  *Id.* ¶ 19.

Having reviewed the record, the Motion, the relating briefing, and the applicable case law, I respectfully recommend that Defendants' Motion to Dismiss be granted and Defendants' Motion to Strike be granted in part and denied in part.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted.  When considering such a motion, a court must accept the factual allegations pleaded in the complaint as true and must construe the complaint in the light most favorable to the plaintiff.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004).  However, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" so as to "nudge his claims across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In determining whether the plausibility standard has been met, a court must consider the pleading as a whole and must draw on judicial experience and common sense.  *Id.*; *see also Speaker v. U.S. Dept. of Health & Human Services Centers for Disease Control & Prevention*, 623 F.3d 1371, 1380 (11th Cir. 2010) (citations omitted).  Courts are not "bound to

2

accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

A plaintiff is not required to detail all the facts on which his claim is based; rather, Rule 8(a)(2) requires only a short and plain statement that fairly notifies the defendant of what the claim is and the grounds on which it rests. *Twombly*, 550 U.S. at 555–56; *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). The allegations must, however, be enough to raise a right to relief above the speculative level. *Id.* The Federal Rules demand "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 662. "Mere 'labels and conclusions or a formulaic recitation of the elements of a cause of action will not do,' and a plaintiff cannot rely on 'naked assertions devoid of further factual enhancement.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (citation omitted). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

In reviewing a complaint filed by a *pro se* litigant, a court must apply the "liberal construction to which *pro se* pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) (noting that *pro se* pleadings are held to a less strict standard than pleadings from counseled parties and are liberally construed). Liberally construing a *pro se* pleading does not give "a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation omitted). At bottom, the question is not whether the claimant "will ultimately prevail … but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

<u>ANALYSIS</u>

I.      **Defendants' Motion to Dismiss**

        a.  **Plaintiff's HIPAA Claims**

In the Amended Complaint, Plaintiff asserts that he is entitled to copies of his medical records under HIPAA.  It is well settled, however, that HIPAA does not create a private cause of action.  *Sneed v. Pan Am. Hosp.*, 370 F. App'x 47, 50 (11th Cir. 2010) ("We decline to hold that HIPAA creates a private cause of action." (citations omitted)); *Laster v. CareConnect Health Inc.*, 852 F. App'x 476, 478 (11th Cir. 2021) (explaining that HIPAA "does not expressly create a private cause of action" and "every circuit to have considered the issue has also held that no private right of action exists under HIPAA" (citations omitted)).  Rather, the enforcement of HIPAA is "limit[ed] . . . to the Secretary of the Department of Health and Human Services."  *Laster*, 852 F. at 478.  As a matter of law, therefore, Plaintiff is not entitled to relief under HIPAA.  *Id.*

Perhaps recognizing that he cannot assert claims under HIPAA, Plaintiff requests in his Response that the Court "convert the plaintiff's action to that of a common law tort to recover property."  DE 13 at 4.  Plaintiff, however, is not entitled to relief under this alternative legal theory.  First, Plaintiff cannot use his Response to amend the Amended Complaint.  *Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 665 (11th Cir. 2015) ("We repeatedly have held that plaintiffs cannot amend their complaint through a response to a motion to dismiss." (citation omitted)).  Second, Plaintiff "cannot manipulate the common law to state a private, statutory cause of action where none exists."  *Brush v. Miami Beach Healthcare Grp. Ltd.*, 238 F. Supp. 3d 1359, 1367 (S.D. Fla. 2017) (citations omitted); *Weinberg v. Advanced Data Processing, Inc.*, 147 F. Supp. 3d 1359, 1366 (S.D. Fla. 2015) ("Plaintiff's claim of negligence based upon a violation of HIPAA fails" because "HIPAA provides no private right of action." (citations omitted)).

4

Accordingly, Plaintiff is not entitled to relief under HIPAA.  I therefore recommend that Plaintiff's HIPAA claims against Defendants be dismissed with prejudice.

### b.  Plaintiff's Age Discrimination Act Claims

Plaintiff alleges in an unnumbered paragraph of the Amended Complaint that Defendants "violated the Age Discrimination Act of 1975 . . . [by] refusing to provide the plaintiff with a copy of his medical records."  DE 6, at 1-2.

The Age Discrimination Act prohibits "discrimination on the basis of age in programs or activities receiving Federal financial assistance."  42 U.S.C. § 6101.  Although the Eleventh Circuit has "not set out the elements necessary to establish a *prima facie* case under" the Age Discrimination Act, its plain text makes clear that to state a claim under the Act, a plaintiff must allege that he was subject to "discrimination on the basis of age."  *Molina v. Aurora Loan Servs., LLC*, 710 F. App'x 837, 841 (11th Cir. 2017); 42 U.S.C. § 6101.  Additionally, as a prerequisite to filing suit under the Age Discrimination Act, a plaintiff must first exhaust his administrative remedies by filing an administrative complaint with the relevant "Federal department or agency." 42 U.S.C. § 6104 (f).

Here, Plaintiff's Age Discrimination Act claims should be dismissed for three reasons. First, aside from Plaintiff's conclusory allegation that Defendants "violated the Age Discrimination Act," the Amended Complaint asserts no facts indicating that Defendants took any action based upon Plaintiff's age.  Plaintiff's bald legal conclusions are insufficient to state a viable cause of action.  *Iqbal*, 556 U.S. at 678 (Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient to state a claim. (citations and quotations omitted)).

Second, the Amended Complaint does not allege that Plaintiff complied with the administrative prerequisites prior to initiating this action. Thus, Plaintiff's claims under the Age Discrimination Act should be dismissed for failure to exhaust administrative remedies.

Third, Plaintiff's claims against Rosencrance and Geiger should be dismissed because the Age Discrimination Act applies only to "programs or activities receiving Federal financial assistance." 42 U.S.C. § 6101. The Act defines "program or activity" as including the operations of governmental entities, educational institutions, and corporations that receive federal funding. 42 U.S.C. § 6107. Notably, the Act does not define "program or activity" to include *individuals* associated with the foregoing entities. Thus, as a matter of law, Rosencrance and Geiger cannot be liable under the Age Discrimination Act.[2]

Accordingly, because individuals are not viable defendants for an Age Discrimination Act claim, I recommend that Plaintiff's Amended Complaint be dismissed with prejudice insofar as it alleges Age Discrimination Act claims against Rosencrance and Geiger. I further recommend that Plaintiff be granted leave to amend to name a proper party, plead facts plausibly showing an Age Discrimination Act claim, and plead facts showing he has exhausted his administrative remedies.

### c. The Amended Complaint is a Shotgun Pleading

Lastly, in certain respects the Amended Complaint runs afoul of Eleventh Circuit case law prohibiting shotgun pleadings.[3] It is well settled that shotgun pleadings "are altogether unacceptable . . . [and] exact an intolerable toll on the trial court's docket." *Cramer v. State of*

---

[2] Although Plaintiff alleges that Rosencrance is "d/b/a Cleveland Clinic and/or Indian River Hospital and/or Indian River Medical Center," the referenced entities are not parties to this action. Thus, I need not address whether the Cleveland Clinic, Indian River Hospital, or Indian River Medical Center qualify as "programs or activities receiving Federal financial assistance" under the Act. 42 U.S.C. § 6101.

[3] Although not raised by Defendants, courts may *sua sponte* dismiss complaints on shotgun pleading grounds. *See Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (affirming *sua sponte* dismissal of "amended complaint as an impermissible shotgun pleading.").

*Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997).  The Eleventh Circuit has identified four general categories of shotgun pleadings: (1) one "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) one that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) one that does not "separate[e] into a different count each cause of action or claim for relief"; and (4) one that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015).

Here, the Amended Complaint falls into at least the second and third categories of impermissible shotgun pleadings.  The Amended Complaint is comprised of vague and conclusory allegations that have no apparent relation to any of Plaintiff's claims, and although it contains numbered paragraphs, it does not separate any claims into individual counts alleging specific violations of specific laws.  Indeed, as noted above, the Amended Complaint as drafted requires Defendants and the Court to speculate on whether Plaintiff seeks to bring claims under HIPAA, the Age Discrimination Act, or upon some other legal basis.  Thus, if Plaintiff is given an opportunity to amend his Complaint, he must do so in a manner that meets the requirements of the Federal Rules of Civil Procedure.  Plaintiff is cautioned that any amended complaint must provide a *short and plain* statement of Plaintiff's claims; must state claims in numbered paragraphs limited to a single set of *relevant* circumstances; must state *the legal basis for each cause of action* founded on a separate occurrence in a separate count; must specify who Plaintiff is suing in each cause of action; and must set forth facts – not speculations, opinions, or legal conclusions – that plausibly

demonstrate a basis for the claims.  Failure to comply will result in dismissal with prejudice.  *See Campbell*, 760 F.3d at 1168-69 (Liberally construing a *pro se* pleading does not give "a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."); *Phillips*, 746 F.2d at 785 (A party's *pro se* status "should not be a broad highway into the federal courts.").

## II.      Defendants' Motion to Strike

Because I recommend that the Amended Complaint be dismissed without prejudice to Plaintiff refiling it to name a proper party and plausibly state a claim, I will address Defendants' Motion to Strike.  Defendants seek to strike (1) the entire pleading for Plaintiff's failure to use his "full name" in the Amended Complaint; and (2) the Amended Complaint's allegation that "Cleveland Clinic and/or Indian River Hospital and/or Indian River Medical Center . . .  are not licensed and/or permitted and/or a legal entity, nor accredited, either by common law and/or statutory law, pursuant to the laws of the State of Florida."  DE 7, at 5-6.

Under Rule 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Courts have "broad discretion in considering a motion to strike under" Rule 12(f).  *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1317 (S.D. Fla. 2005).

Regarding Plaintiff's failure to use his full name, Rule 10 requires that the "title of the complaint must name all the parties."  Fed. R. Civ. P. 10(a).  This rule "protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties."  *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992) (citations omitted).  Thus, there is "a strong presumption in favor of parties proceeding in their own names."  *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011).  Notwithstanding this strong presumption, however, a plaintiff may

proceed anonymously where he "has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Frank*, 951 F.2d at 323 (citations and quotations omitted).

Here, Plaintiff does not use his full legal name in the Amended Complaint but instead identifies himself as "R. Devine."[4]  It is unclear whether this is an alias or a partial identification of Plaintiff's legal name.  In any event, absent leave of Court to proceed anonymously, both forms of identification are impermissible under Rule 10(a).  *See Benjamin K. v. United HealthCare Servs., Inc.*, 2021 WL 2916711, at *1 (M.D. Fla. Jan. 15, 2021) (striking complaint where plaintiff used "only his first name and last initial").

Because Plaintiff has neither sought nor obtained leave of court to proceed anonymously, I recommend that the caption of the Amended Complaint be stricken for failure to "name all the parties" as required by Rule 10.  Fed. R. Civ. P. 10(a); *United HealthCare Servs., Inc.*, 2021 WL 2916711, at *1; *Frank*, 951 F.2d at 322.  Thus, if Plaintiff is permitted to file an amended pleading, he should include his full legal name in the case caption or demonstrate that he "has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Frank*, 951 F.2d at 323 (citations and quotations omitted).

Regarding Plaintiff's claim that Cleveland Clinic, Indian River Hospital, and/or Indian River Medical Center are not licensed or accredited, DE 7 at 5-6, Defendants assert this allegation should be stricken because it "is plainly and obviously false . . . [and] serves no obvious purpose in the case." *Id.* While this claim does in fact appear dubious, a request to strike a complaint's

[4] A review of the Court's filing system reveals another case apparently involving this same Plaintiff.  In that case, Plaintiff identifies himself as "Subject ID: 176-17887." *See Subject ID: 176-17887 v. Zimmer et al.*, Case No. 22-14412-Middlebrooks/Maynard.  Both cases were filed on the same day, include the same mailing address for Plaintiff, and seek to compel the production of medical records.  However, the other case involves different Defendants and defense counsel and there appears no direct link between the medical records Plaintiff is seeking in each case.

9

allegations is a "drastic remedy . . . which is disfavored by the courts and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Thompson v. Kindred Nursing Centers E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (citations and quotations omitted).  At this stage, I cannot determine whether the subject allegation has "no possible relation" to this case, and Defendants have failed to demonstrate that such allegation would cause prejudice.  I therefore recommend that Defendants' request to strike this allegation be denied.

## CONCLUSION

In summary, I recommend that Plaintiff's HIPAA claim be dismissed with prejudice.  I also recommend that Plaintiff's Age Discrimination Act claims against Rosencrance and Geiger be dismissed with prejudice.  However, considering Plaintiff's *pro se* status, to the extent Plaintiff can assert an Age Discrimination Act claim against a proper defendant or any other viable cause of action against Defendants, Plaintiff should be afforded one final opportunity to amend his complaint to address the deficiencies discussed in this Report.  Additionally, if Plaintiff elects to file an amended pleading, Plaintiff should be required to include his full legal name in the case caption or seek leave of Court to proceed anonymously.

## RECOMMENDATION

For the foregoing reasons, I respectfully **RECOMMEND** that:

1.     Defendants' Motion to Dismiss and to Strike (DE 7) be **GRANTED** as follows:

    a.  Plaintiff's HIPAA claims against Defendants James Gregory Rosencrance and Ralph Bruce Geiger be **DISMISSED WITH PREJUDICE**.

b. Plaintiff's Age Discrimination Act claims against Defendants James Gregory Rosencrance and Ralph Bruce Geiger be **DISMISSED WITH PREJUDICE**.

c. Plaintiff's use of "R. Devine" in the Amended Complaint be **STRICKEN** and, absent leave of Court to proceed anonymously, any amended pleading include Plaintiff's full legal name.

2.     Given Plaintiff's *pro se* status, to the extent Plaintiff can assert a viable claim against Defendants or a claim under the Age Discrimination Act against a proper defendant, Plaintiff should be afforded one final opportunity to amend his complaint to address the deficiencies discussed in this Report. Plaintiff should be precluded, however, from asserting any claims against Gregory Rosencrance and Ralph Bruce Geiger that have been dismissed with prejudice.  Plaintiff should be expressly cautioned that his failure to timely file an amended complaint as required may lead to this case being dismissed without further notice.

## <u>NOTICE OF RIGHT TO OBJECT</u>

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Jose E. Martinez.  Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). **Conversely, if a party does not intend to object to this Report and Recommendation, then**

that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.

      **DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 16th day of May, 2023.

                                                        _____
                                                         SHANIEK MILLS MAYNARD
                                                         U.S. MAGISTRATE JUDGE